IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 19-78 |
| | : | |
| DARIUS CARTER | : | |

**<u>ORDER</u>**

AND NOW, this 21st day of June, 2022, upon consideration of Defendant Darius Carter's Motion to Dismiss for Lack of Jurisdiction and the Government's opposition thereto, it is ORDERED the Motion (Document No. 87) is DENIED.[1]

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[1] In January 2019, Defendant Darius Carter was charged by indictment with two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). He proceeded to trial and was convicted of both counts. While awaiting sentencing, Carter, represented by new counsel, filed the above-referenced motion to dismiss. He argues the indictment must be dismissed for lack of jurisdiction because it fails to allege that he acted knowingly and/or willfully in violating the statute, as required to obtain a conviction for Hobbs Act robbery. Because Carter forfeited this issue by failing to raise it prior to trial, and because the indictment was sufficient even without an explicit reference to the required mental state, the motion is denied.

Under Federal Rule of Criminal Procedure 12, "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). A motion alleging a defect in the indictment, however, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). A Rule 12(b)(3) motion filed after trial is untimely and may be considered only if the moving party shows good cause. *See* Fed. R. Crim. P. 12(c)(1), (3).

Although Carter invokes Rule 12(b)(2), the omission of an element from an indictment is not a jurisdictional defect, but rather a defect in the indictment that must be raised in a pretrial motion under Rule 12(b)(3). *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (holding "defects in an indictment do not deprive a court of its power to adjudicate a case"); *United States v. Brown*, 752 F.3d 1344, 1349 (11th Cir. 2014) (holding "an indictment's omission of an element

1


of the crime does not create a jurisdictional defect"). Because Carter failed to raise this issue prior to trial, his motion is untimely. Further, while Carter argues he did not knowingly waive this claim because he was never consulted about this issue by prior counsel, he has not shown good cause for his failure to file a pretrial motion. *See* Fed. R. Crim. P. 12(c) advisory committee's note to 2014 Amendments (noting the Rule "has never required any determination that a party who failed to make a timely [Rule 12(b)(3)] motion intended to relinquish a defense, objection or request that was not raised in a timely fashion"). The motion is therefore denied as untimely. *Cf. Cotton*, 535 U.S. at 634 (noting it has been long understood that a constitutional right may be forfeited by the failure to assert that right in a timely manner (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944))).

Furthermore, even if the motion was timely, Carter's claim is meritless because the indictment was sufficient. In evaluating the sufficiency of an indictment, a court considers "(1) whether the indictment 'contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet,' and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hodge*, 211 F.3d 74, 76 (3d Cir. 2000) (quoting *Government of the V.I. v. Moolenaar*, 133 F.3d 246, 248 (3d Cir. 1998)). Applying this standard in *Hodge*, the Third Circuit found a robbery indictment was sufficient even though the indictment did not explicitly allege the element of specific intent. The defendant in *Hodge* was charged with robbery under a Virgin Islands statute that "d[id] not expressly include the element of specific intent" but had been judicially construed to include it. *Id.* at 77. The defendant argued the indictment was defective because it failed to allege the specific intent element. The Third Circuit rejected this argument, finding "the indictment was sufficient to apprise [the defendant] of the robbery charged and to enable him to avoid subsequent prosecution for the same offense," even without an allegation of specific intent. *Id.* at 76-77. In so holding, the Court of Appeals observed that the indictment "track[ed] the [statutory] definition" of the offense, which, as noted, did not expressly require specific intent. *Id.* at 77. The Court also noted that "[f]ailure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication." *Id.* (quoting *Moolenaar*, 133 F.3d at 249).

The same analysis applies here. The Hobbs Act prohibits robbery or extortion, or an attempt or conspiracy to rob or extort, that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). The Act defines the term "robbery" to mean

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). Although not expressly referenced in the statute, a Hobbs Act conviction also "requires proof beyond a reasonable doubt that . . . the defendant *knowingly or willfully* committed, or attempted or conspired to commit, robbery or extortion." *United States v. Powell*, 693 F.3d 398, 401 (3d Cir. 2012) (emphasis added).

As in *Hodge*, the indictment in this case closely tracks the language of the relevant statute, charging Carter with "obstruct[ing], delay[ing] and affect[ing] commerce and the movement of

---

articles and commodities in commerce, and attempt[ing] to do so, by robbery" of two businesses in Philadelphia. Indictment, Counts One & Two. As to the robberies, the indictment further alleges Cater "unlawfully took and obtained money"—$625 and $510 in U.S. currency, respectively— "from the person and in the presence of another and against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person and property in her possession, that is, by brandishing a dangerous weapon and demanding money." *Id.* While the indictment does not specifically allege that Carter acted knowingly or willfully in committing the robberies, the statute "does not expressly include the element of specific intent," *Hodge*, 211 F.3d at 77, and the allegations that Carter demanded money from the victims while brandishing a dangerous weapon adequately convey the requisite mental state in any event. Other courts have recognized the failure of a Hobbs Act indictment to explicitly allege specific intent does not render the indictment fatally deficient. *See United States v. Jackson*, 513 F. App'x 51, 55 (2d Cir. 2013) ("Although the indictment did not specifically contain the words 'knowingly' or 'willfully,' the plain and common-sense reading of the indictment put the defendant on notice of what the charges against him were, such that he was not prejudiced in the preparation of his defense."); *United States v. Oliver*, No. 01-3223, 2002 WL 31474532, at *1 (3d Cir. Nov. 5, 2002) (holding an indictment that "referred to 18 U.S.C. 1951(b)(1) for the definition of robbery" was sufficient to meet the intent requirement of Hobbs Act robbery); *United States v. Coles*, No. 1:16-CR-212, 2021 WL 308831, at *6 (M.D. Pa. Jan. 29, 2021) (holding that while "the ideal indictment should allege the *mens rea* element for the offense charge," the failure to do so does not render a Hobbs Act indictment fatally deficient). The same is true here. Because the indictment in this case was sufficient, Carter's motion is also denied on the merits.